

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1970

Honorable Joe Resweber
County Attorney, Harris County
Harris County Courthouse
Houston, Texas   77002

Opinion No. M-711

Re:  Whether it is permissible
     to use in the general
     election voting machines
     having a straight ticket
     lever connecting arm
     between the contested
     race columns and the un-
     contested race columns.

Dear Mr. Resweber:

Your recent letter to this office requests our opinion upon the above matter.  The factual basis for your opinion request is stated in your letter which we quote as follows:

"The effect of the use of the 'straight ticket lever connecting arm' as presently installed on voting machines to be used in the forthcoming General Election is that when a person wishing to vote a straight Democratic Party ticket pulls the 'straight ticket lever,' or as is sometimes called the 'party lever,' for Democratic Party candidates in the column of contested races, the pulling of such lever also triggers the mechanism for also registering his vote for all the Democratic Party candidates in a separate and different column containing only the names of candidates in all of the non-contested races.  In this separate and different column of non-contested races, there are only Democratic Party candidates, there being no Republican Party candidates who are running unopposed or in any non-contested race.

"Thus, a voter wishing to vote a 'straight' Democratic Party ticket need only pull the 'straight ticket lever,' or 'party lever,' above the column of Democratic Party candidates in the contested races, and he thereby registers his vote for all Democratic Party candidates who are running for election, in both the contested as well as the non-contested race columns."

The situation which you pose for our consideration is governed by the provisions of Section 8 of Article 7.14 of the Texas Election Code. Although you point out that there are only Democratic candidates in the uncontested races, the Texas Election Code makes no specific provision for this situation and it must be considered as though the persons in the uncontested race column are not all of the same party affiliation. Section 8 of Article 7.14 reads as follows:

"Sec. 8. Form of ballots on voting machines. All ballots shall be printed in black ink on white clear material, of such size as will fit in the ballot frame, and in as plain, clear type as the space will reasonably permit. In all elections, general, special, or primary, a designating letter and number may be affixed to the name of each candidate. In general elections, the party name may be affixed to the name of each candidate, and the names of all candidates of one political party shall be so arranged that a voter may be able to cast his ballot for such candidates as he may desire or to cast one ballot for all the candidates of that political party. In primary elections, however, the ballot shall be so arranged and the lever so locked as to prevent the voting of straight tickets. Should there be so many candidates and/or propositions to be voted upon in any election as to exceed the capacity of one machine, more than one machine shall be provided for each polling place, but in all cases where more than one machine is necessary to list the entire ballot, the names of all candidates for any particular office shall be placed on one machine. In lieu of using an additional machine for listing the ballot, uncontested races may be placed in a separate column headed 'Uncontested Races,' with the name of each candidate appearing under the title of the office for which he is a candidate, and if the election is one at which party columns appear on the ballot, the party affiliation of the candidate shall be indicated by printing the name of the party which nominated him (or the word 'Independent' if he is an independent candidate) after the candidate's name; and all such uncontested races shall be voted on as a block, and the require-ment of this section that the ballot in general elections be so arranged that the voter may be able to vote a straight ticket for all candidates of one

political party shall not apply to candidates ap-
pearing in the uncontested column.  However, in
no election may the ballot be so arranged that a
voter is able to vote as a block on propositions.

"If the authorities charged with holding the
election determine, in their discretion, that more
than one voting machine is necessary to accommodate
the number of voters voting in an election precinct,
then as many voting machines shall be used for each
precinct as such authorities deem necessary, and
the same form of ballot containing the names of
all candidates and/or propositions arranged in the
same manner shall be provided for each machine."
(Emphasis added.)

From the underscored portion of the statute just quoted
it is clear that all uncontested races "shall" be voted on as a
block.  We construe this to mean that a voter must vote for all
candidates in the uncontested column or none at all.  The statute
proceeds further to provide that the requirement that in general
elections the ballot be so arranged that a voter may be able to
vote a straight ticket for all candidates of one party is not
applicable to the uncontested race column.  Taking these two re-
quirements together, we conclude that a voter must vote for all of
the uncontested candidates or for none of them, and that a straight
ticket lever is not authorized for the uncontested race column.

You are therefore advised that in our opinion a connect-
ing arm lever from the straight party lever in the contested race
column to the uncontested race column is not authorized by the
Texas Election Code, and in fact it is specifically prohibited by
the underscored provisions of Section 8 of Article 7.14 quoted
above.

This opinion is not to be construed as passing on the
validity of that portion of Section 8 of Article 7.14, supra,
which requires that,

". . . all such uncontested races shall be
voted on as a block, . . ."

## S U M M A R Y

Section 8 of Article 7.14, Texas Election Code,
prohibits the use of a connecting arm between the
straight party lever in the contested race column

to the uncontested race column.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Roland Allen
Max Hamilton
Gordon Cass
J. C. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant